IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

CHARLIE MERRIMAN and
YOLANDA MERRIMAN
            Plaintiffs,

v.

KANSAS CITY SOUTHERN RAILROAD
COMPANY,

            Defendant.

Case No. CIV-22-316-RAW-JAR

## OPINION AND ORDER

Before the Court is Plaintiffs, Charlie and Yolanda Merriman's Objection to the Findings and Recommendations of the Magistrate Regarding Defendant's Motion for Summary Judgment [Dkt. No. 73]. The present case, including the Summary Judgment motion at issue, was referred to Magistrate Judge Robertson. He entered his Findings and Recommendation, wherein he advised that this court grant Defendant Kansas City Southern Railroad Company's ("the Railroad") Motion for Summary Judgment [Dkt. No. 46] because the Plaintiff's claims are preempted by both the Interstate Commerce Commission Termination Act ("ICCTA") and the Federal Railroad Safety Act ("FRSA"). Dkt. No. 72. Plaintiffs timely objected [Dkt. No.73] and the Defendant has filed its response [Dkt. No. 74]. For the foregoing reasons, the court overrules the Plaintiff's objection and Affirms and Adopts the Magistrate Judge's Findings and Recommendation.

## STANDARD OF REVIEW

The district court must conduct a de novo review of the magistrate judge's report and recommendation if a party objects to the magistrate's findings. 28 U.S.C. § 636(b)(1); *Northington* v. *Marin*, 102 F.3d 1564, 1570 (10th Cir.1996) ("De novo review is required after a party makes

1

timely written objections to a magistrate's report.") The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation. *Id*.

## Factual background

The present case arises out of a rainstorm affecting Poteau, Oklahoma, on September 1, 2020, that produced an estimated five to six inches of rain across approximately six hours. Plaintiffs' residence and property are in Poteau, and they allege that the heavy rainfall caused a railroad bridge downstream from their property to collapse and obstruct the Lost Poteau River where it converges with Rock Creek and Polk Creek. The debris from the bridge allegedly blocked the flow of a tributary of the Poteau River, creating a backwater that flooded Plaintiffs' property. Consequently, Plaintiffs brought the present case against the railroad under state law. Specifically, Plaintiffs allege negligence per se in violation of Okla. Stat. Tit. 66 §§12 and 123, negligence, nuisance, and unjust enrichment, arguing that KCSRC breached its duty to maintain the bridge. Plaintiffs allege that "Defendant put surrounding property owner at risk by failing to make timely, necessary repairs to the bridge," which led the bridge to collapse and block the flow of the river during heavy rain. Dkt. No. 51.

## Analysis

Plaintiffs object to the Magistrate Judge's conclusion that the ICCTA and the FSRA preempt their state law tort claims. We will analyze the Plaintiffs' objection based on the ICCTA first. The ICCTA expressly precludes other remedies arising under state or federal law with respect to the regulation of rail transportation. *Emerson* v. *Kansas City Southern Ry. Co.*, 503 F.3d 1126,

1129 (10th Cir. 2007) citing 49 U.S.C. § 10501(b). The act defines transportation, in pertinent part as:

> (A) a locomotive, car, vehicle, vessel, warehouse, wharf, pier, dock, yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property or both, by rail, regardless of ownership or agreement concerning use; and
> (B) services related to that movement, including receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, and interchange of passengers and their property.

49 U.S. C. § 10102 (9) (A)-(B).

Here, the magistrate judge acknowledged that under the ICCTA, there is a fine line between activities directly related to rail transportation and those that are tangential. To determine whether the maintenance of a railroad bridge constitutes transportation, the Magistrate looked to case law interpreting the ICCTA, including regulatory actions before the Surface Transportation Board ("STB"). *See* Dkt. No. 72 at 9 citing *Thomas Tubbs, Tr. of the Thomas Tubbs Revocable Tr. & Individually, & Dana Lynn Tubbs, Tr. of the Dana Lynn Tubbs Revocable Tr. & Individually petition for Declaratory Ord.*, No. FD 35792, 2014 WL 5508153, at *1 (Oct. 29, 2014). In *Tubbs,* petitioners sought relief after BNSF Railway allegedly failed to adequately maintain an embankment that had track built on it, leading to the flooding and devaluation of their land during a large rainfall event. *Id*. at *4. The STB found that claims against a rail carrier under state tort law that arose out of the "designing, constructing, and maintaining an active rail line" were preempted. *Id*. Thus, the Board concluded that the petitioners' claims regarding maintenance of the embankment were preempted because they clearly implicated maintenance of an active rail line. Furthermore, the STB reasoned that allowing the claims to proceed would have the effect of managing or governing rail transportation. *Id*. Magistrate Judge Robertson found the facts in

*Tubbs*, strikingly similar to the case at bar, and relied on it in determining that the present action was preempted. Dkt. No. 72 at 9.

Plaintiffs raise three objections to the Magistrate's determination that the ICCTA preempts their claims. First, they argue that the Magistrate Judge's reference to an STB decision was improper, given the Supreme Court's holding in *Loper*. Second, they argue that *Tubbs* is distinguishable from the present case. Finally, they contend their claims are not preempted because the Defendants failed to show "how the state remedies would adversely affect the economic aspects of the railroad's operations". Dkt. No. 73 at 5 quoting *Emerson*, 503 F. 3d 1126 at 1131.

First, this court rejects the Plaintiffs' assertion that the Magistrate Judge improperly conferred deference to the STB's decision in *Tubbs*. Plaintiffs misunderstand both the Magistrate Judge's Findings and Recommendation as well as the Supreme Court's holding in *Loper*. The Plaintiffs state that the Magistrate Judge "recommended a finding of preemption under the ICCTA primarily under his belief that the STB's interpretation of the ICCTA should be given considerable weight and deference, as articulated in *Chevron U.S.A. Inc*. v. *Natural Resources Defense Council, Inc*., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694". Dkt. No. 73 at 4. However, the Magistrate Judge does not reference *Chevron* and instead references *BNSF Ry. Co.* v. *Heitt*, which states that the STB's opinion of its own authority is given "considerable weight and deference". Dkt. No. 47 at 6 citing 22 F.4th 1190, 1194 (10th Cir. 2022).

Additionally, *Loper* does not prevent the court from using STB decisions to aid in determining the scope of the term transportation under the ICCTA. While the now-overturned *Chevron* doctrine would *require* this court to defer to the agency's interpretation of the statute, nothing in *Loper* suggests that courts cannot utilize agency decisions as a tool for interpreting statutes. Instead, the Supreme Court explicitly states that courts may still use agency decisions as

4

interpretive aids. *Loper Bright Ent*. v. *Raimondo*, 603 U.S. 369,371 (2024), citing *Skidmore* v. *Swift & Co*., 323 U.S. 134, 140 (1944). ("Courts exercising independent judgment in determining the meaning of statutory provisions, consistent with the APA, may- as they have from the start- seek aid from the interpretations of those responsible for implementing particular statutes.") Thus, Plaintiffs' objection based on *Chevron* and *Loper* fails.

Additionally, after a de novo review of the record, this court agrees with the Magistrate Judge's determination that *Tubbs* is analogous to the case at bar and indicates that the maintenance of wing walls supporting an actively in use railroad bridge falls within the definition of transportation for preemption under the ICCTA. Plaintiffs argue that their claims are distinguishable from *Tubbs* and that they do not relate to the "placement or regulation of the Defendant's actual rail track but instead relate to the crumbling wing walls on the side of the bridge" and resulting debris that accumulated in the creek bed. *See* Dkt. No. 73 at 5. This court agrees with the Magistrate Judge that, despite being in some state of disrepair, the wing walls were, according to the record, still part of a bridge that was supporting an actively used railway. It is undisputed in the present case that the bridge at issue supported an operational rail line that was owned and maintained by KCSRC. Plaintiffs allege that KCSRC failed to "make timely, necessary repairs to the bridge." *See* Dkt. No. 51 at ¶ 17. Clearly, the Plaintiffs' allegations pertain to the Defendant's failure to maintain the bridge that supported railroad tracks not to the disposal of discarded railroad materials. Thus, this court agrees with the Magistrate Judge that these facts are similar to *Tubbs*, and the Plaintiffs' objection on this basis is overruled.

Finally, Plaintiffs argue that the ICCTA only preempts state law causes of action when there is a "showing of how the state remedies would adversely affect the economic aspects of the railroad's operations." Dkt. No. 73 at 5 citing *Emerson* v. *Kansas City Southern Ry. Co*., 503 F.3d

5

1126, 1131 (10th Cir. 2007). This argument is misplaced. In *Emerson* the court explained that a claim was not preempted by a "generally applicable state law regulating the disposal of detritus, or maintenance of vegetation" because, among other reasons, said state law did not "interfere with the scheme of economic regulation or deregulation". 503 F.3d at 1131.  The present case does not arise from how the Defendant disposed of detritus, vegetation, or railroad materials. The claims in *Emerson* were preempted because they were "incidentally related activities such as railroad tie disposal." *See* 804 F. 3d 110. As discussed, the claims here pertain to the maintenance of an in use railroad bridge, not discarded materials.   Furthermore, *Emerson* does not require a showing of interference with economic regulation to create preemption. Instead, the court simply discussed the lack of economic interference as influencing their determination that the claim was not preempted. Plaintiffs attempt to analogize their claims to *Emerson* by recharacterizing their claims as disposal-related, stating that their claims stem from the wingwall breaking off and falling into the creek bed. However, it is clear from the entirety of the record that they claim that the Defendant failed to maintain the wall, not that KCSRC improperly disposed of materials in the creek bed. Thus, this argument fails. Consequently, based on a review of the record, this court agrees with the Magistrate Judge's determination that the Plaintiffs' claims are preempted by the ICCTA.

   Plaintiffs also argue that Magistrate Judge Robertson incorrectly determined that their claims are also preempted by the FRSA. Plaintiffs argue that the FSRA provisions cited by Magistrate Judge Robertson merely touch on the relevant subjects of bridge/ track maintenance but do not. "Cover" them.  Additionally, Plaintiffs argue that the FSRA cannot preempt their claims if they allege violations of federal regulations. *See* Dkt. No. 73 at 7.  First, the court agrees with Magistrate Judge Robertson's determination that the bridge management program mandated by 49 C.F. R. §§237.51, 237.55, 237. 103 covers the inspection and maintenance of railroad bridges. Plaintiffs'

6

second argument is that their claim is not preempted because they allege violations of federal regulations. Neither Plaintiff's Amended Petition [Dkt. No. 1-3] nor Plaintiff's briefing in response to Defendant's Motion for Summary Judgment [*See* Dkt. No. 51] raises the argument of a violation of federal law. Instead, in their response to Defendant's Motion for Summary Judgment, Plaintiffs insist that "not a single regulation" in the 49 C.F.R. part 237 covers the conduct alleged in their suit. Dkt. No. 51 at 18-19.  In general, parties may not raise new arguments in objections to the report and recommendation. *Parks* v. *Persels & Assocs., LLC*, 509 B.R. 345, 357 (D. Kan. 2014). Therefore, this argument will not be considered. Even if this court were to consider it, because we agree that the claim is already preempted by the ICCTA, the issue is moot.

This court has reviewed the Petition in this case as well as the Motion for Summary Judgment and the responses and replies thereto, the Findings and Recommendation, and the Objection and response thereto. After a de novo review, the court finds the Findings and Recommendation are well supported by the prevailing authority. The Findings and Recommendations [Dkt. No. 72] are hereby affirmed and adopted as this court's Order and Opinion. The Defendant's Motion for Summary Judgment [Dkt. No. 46] is therefore GRANTED and this action is hereby DISMISSED.

**IT IS SO ORDERED** on this 14th day of November 2025.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE